1   LINDA BALDWIN JONES, Bar No. 178922
    THEODORE FRANKLIN, Bar No. 168305
2   EZEKIEL D. CARDER, Bar No. 206537
    WEINBERG, ROGER & ROSENFELD
3   A Professional Corporation
    1001 Marina Village Parkway, Suite 200
4   Alameda, California 94501
    Telephone  (510) 337-1001
5   Fax  (510) 337-1023
    E-Mail:  lbjones@unioncounsel.net
6            tfranklin@unioncounsel.net
             ecarder@unioncounsel.net
7

8   Attorneys for Respondent
    STATIONARY ENGINEERS LOCAL 39 HEALTH AND
9   WELFARE TRUST FUND

10                  UNITED STATES DISTRICT COURT

11                 NORTHERN DISTRICT OF CALIFORNIA

12                    SAN FRANCISCO DIVISION

13  CITY OF COLFAX,                          No. C 12-00281 MMC

14                 Petitioner,               **RESPONDENT'S NOTICE OF
                                             MOTION AND CROSS-MOTION TO
15      v.                                   CONFIRM ARBITRATION AWARD
                                             AND MEMORANDUM OF POINTS
16  STATIONARY ENGINEERS LOCAL 39            AND AUTHORITIES IN OPPOSITION
    HEALTH AND WELFARE TRUST FUND,           TO PETITIONER'S MOTION TO
17                                           VACATE OR MODIFY AWARD OF
                                             ARBITRATOR AND IN SUPPORT OF
18                 Respondent.               RESPONDENT'S CROSS-MOTION TO
                                             CONFIRM AWARD OF ARBITRATOR**
19
                                             Date         March 23, 2012
20                                           Time:        9:00 a.m.
                                             Courtroom:   7, 19th Floor
21                                           Judge:       Hon. Maxine M. Chesney

22

23

24

25

26

27

28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

NOTICE OF MOTION AND CROSS-MOTION TO CONFIRM ARBITRATION AWARD AND MPA IN
SUPPORT OF CROSS-MOTION AND IN OPPOSITION TO MOTION TO VACATE OR MODIFY
AWARD (CASE NO. C 12-00281 MMC)

# TABLE OF CONTENTS

**Page**

I.   NOTICE OF MOTION ...................................................................................1

II.  INTRODUCTION ........................................................................................1

III. ISSUES TO BE DECIDED .........................................................................2

IV.  STATEMENT OF THE FACTS ..................................................................3

    A.   STATEMENT OF PROCEDURE..........................................................3

    B.   FACTUAL BACKGROUND ..................................................................4

V.   MEMORANDUM OF POINTS AND AUTHORITIES ...............................6

    A.   THE CITY'S MOTION MUST BE DENIED BECAUSE THE
         CITY DID NOT SERVE A TIMELY NOTICE OF MOTION ............6

    B.   THE CITY IS NOT ENTITLED TO EQUITABLE TOLLING
         OF THE STATUTE.................................................................................8

    C.   THE ARBITRATOR DID NOT MANIFESTLY DISREGARD
         FEDERAL LAW .....................................................................................10

        1.   The Arbitrator did not "manifestly disregard the law". ................11

        2.   The Arbitration Decision did not fail to draw its essence
            from the relevant agreements ...................................................14

    D.   THE MOTION TO VACATE AND/OR MODIFY MUST BE
         REJECTED IN ITS ENTIRETY AND THE CROSS-MOTION
         TO CONFIRM THE ARBITRATION AWARD MUST BE
         GRANTED ...............................................................................................15

    E.   THE UNION IS ENTITLED TO ATTORNEYS' FEES. ....................15

VI.  CONCLUSION............................................................................................16

**WEINBERG, ROGER &
ROSENFELD**
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

NOTICE OF MOTION AND CROSS-MOTION TO CONFIRM ARBITRATION AWARD AND MPA IN SUPPORT OF CROSS-MOTION AND IN OPPOSITION TO MOTION TO VACATE OR MODIFY AWARD (CASE NO. C 12-00281 MMC)

## TABLE OF AUTHORITIES

**Page**

1

2   **CASES**

3   *A.G. Edwards & Sons, Inc. v. McCollough,*
    967 F.2d 1401 (9th Cir.1992) ................................................................11

4

    *Aleyska Pipeline Serv. v. Wilderness Soc'y,*
5       421 U.S. 240 (1975) ...........................................................................15

6   *Alvarez-Machain v. United States,*
    107 F.3d 696 (9th Cir. 1996). ................................................................9

7

    *Collins v. D.R. Horton, Inc.,*
8       505 F.3d 874 (9th Cir. 2007) ...............................................................11

9   *Comedy Club, Inc. v. Improv West Associates,*
    553 F.3d 1277 (9th Cir. 2009) .............................................................14

10

    *Cullen v. Paine, Webber, Jackson & Curtis, Inc.,*
11       863 F.2d 851 (11th Cir. 1989) .............................................................15

12   *Cutler v. Health Net of California,*
    374 F.3d 830 (9th Cir. 2004) ...............................................................12

13

    *E. Associated Coal Corp. v. Mine Workers,*
14       531 U.S. 57 (2000)..............................................................................11

15   *Florasynth, Inc. v. Pickholz,*
    750 F.2d 171 (2nd Cir. 1984)..................................................................9

16

    *Fradella v. Petricca,*
17       183 F.3d 17 (1st Cir.1999) ......................................................................9

18   *French v. Merrill Lynch,*
    784 F.2d 902, (9th Cir.1986) ................................................................10

19

    *GCIU Employer Retirement Fund v. Chicago Tribune Company,*
20       66 F.3d 862 (7th Cir. 1995) ...................................................................5

21   *Hall Street Associates, L.L.C. v. Mattel, Inc.,*
    552 U.S. 576 (2008) ......................................................................10, 15

22

    *Hoffman v. Cargill Inc.,*
23       236 F.3d 458 (8th Cir. 2001). ..............................................................14

24   *Int'l Union of Petroleum and Indus. Workers v. Western Indus. Maintenance, Inc.,*
    707 F.2d 425 (9th Cir. 1983) ...............................................................15

25

    *Kyocera Corp. v. Prudential-Bache T. Services, Inc.,*
26       341 F.3d 987 (9th Cir. 2003) ...............................................................11

27   *Major League Baseball Players Ass'n v. Garvey,*
    532 U.S. 504 (2001)............................................................................11

28

NOTICE OF MOTION AND CROSS-MOTION TO CONFIRM ARBITRATION AWARD AND MPA IN
SUPPORT OF CROSS-MOTION AND IN OPPOSITION TO MOTION TO VACATE OR MODIFY
AWARD (CASE NO. C 12-00281 MMC)

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

## TABLE OF AUTHORITIES (cont'd)

Page

*Michigan Mut. Ins. Co. v. Unigard Sec. Ins Co.*,
    44 F.2d 826 (9th Cir. 1995) ................................................12

*Olson v. Wexford Clearing Services Corp.*,
    397 F.3d 488 (7th Cir. 2005) ...............................................8

*PaineWebber, Inc. v. Barca*,
    2000 U.S. Dist. LEXIS 10873 ............................................15

*Pfannenstiel v. Merrill Lynch, Pierce, Fenner & Smith*,
    477 F.3d 1155 (10th Cir. 2007) ...........................................8

*Poweragent, Inc. v. Elec. Data Sys. Corp.*,
    358 F.3d 1187 (9th Cir. 2004). ...........................................14

*Raytheon Co. v. Rheem Mfg. Co.*,
    322 F.2d 173 (9th Cir. 1963) ............................................11

*Romero v. Citibank*,
    551 F.Supp.2d 1010 (E.D. Cal. 2008) ................................9, 10

*Rostad & Rostad Corp. v. Inv. Mgmt. & Research, Inc.*,
    923 F.2d 694 (9th Cir.1991) .............................................11

*Sheet Metal Workers v. v. Arizona Mechanical & Stainless, Inc.*,
    863 F.2d 647 (9th Cir.1988) .............................................11

*Thompson v. Tega-Rand Int'l*,
    740 F.2d 762 (9th Cir.1984) .............................................11

*Todd Shipyards Corp. v. Cunard Line, Ltd.*,
    943 F.2d 1056 (9th Cir.1991) ...........................................11

*USWA v. U.S. Gypsum Co.*,
    492 F.2d 713 (5th Cir. 1974) ...........................................15

*White v. Mayflower Transit, LLC*,
    481 F.Supp.2d 1101 (C.D. Cal. 2007) ...................................7

*World Brilliance Corp. v. Bethlehem Steel Co.*,
    342 F.2d 362 (2nd Cir. 1965)............................................9

**STATUTES**

9 U.S.C. § 1 ...............................................................1

9 U.S.C. § 6 ...............................................................9

9 U.S.C. § 9 ............................................................1, 15

9 U.S.C. § 10 .........................................................10, 15

9 U.S.C§ 12 .......................................................1, 2, 7, 9

29 U.S.C. § 186(c)(5) ....................................................13

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

iii
NOTICE OF MOTION AND CROSS-MOTION TO CONFIRM ARBITRATION AWARD AND MPA IN SUPPORT OF CROSS-MOTION AND IN OPPOSITION TO MOTION TO VACATE OR MODIFY AWARD (CASE NO. C 12-00281 MMC)

## TABLE OF AUTHORITIES (cont'd)

**Page**

1

2   **RULES**

3   Civil Local Rule 7-1......................................................................................................7

4   Civil Local Rule 7-2...................................................................................................7, 8

5   Federal Rules of Civil Procecure 7(b) .......................................................................7

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**WEINBERG, ROGER &**
**ROSENFELD**
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

NOTICE OF MOTION AND CROSS-MOTION TO CONFIRM ARBITRATION AWARD AND MPA IN
SUPPORT OF CROSS-MOTION AND IN OPPOSITION TO MOTION TO VACATE OR MODIFY
AWARD (CASE NO. C 12-00281 MMC)

# I.     NOTICE OF MOTION

PLEASE TAKE NOTICE that on March 23, 2012, at 9:00 a.m. in Courtroom 7, 19th Floor, in the above captioned Court located at 450 Golden Gate Avenue, San Francisco, California, Respondent, Stationary Engineers Local 39 Health and Welfare Trust Fund (hereinafter "Trust Fund" or "Respondent") will move, and hereby does move, this Court for an order to confirm the Decision and Award of Robert M. Hirsch, dated October 18, 2011, and to deny the Petitioner's Petition/Motion to Vacate or Modify the Award of Arbitrator.

The motion will be brought pursuant to Section 9 of the Federal Arbitration Act which provides that an arbitration award shall be confirmed unless the award is vacated, modified or corrected pursuant to Sections 10 or 11 of the Federal Arbitration Act. *See* 9 U.S.C. § 9.  Here, the Petitioner, City of Colfax, fails set forth grounds to support its Motion.  The Trust Fund is therefore entitled to an Order denying Petitioner's Motion and granting the Respondent's Motion to Confirm.  The Notice and Cross-Motion are supported by the Memorandum of Points and Authorities included herein, the Declaration of Linda Baldwin Jones and exhibits thereto, the Evidentiary Objections to the Declarations filed in support of the City's Petition/Motion to Vacate or Modify Award of Arbitrator, and the [Proposed] Order, which are filed concurrently herewith.

# II.     INTRODUCTION

In this action, City of Colfax attempts to relitigate issues on which it did not prevail in arbitral proceedings brought pursuant to collectively bargained agreements, namely a Subscription Agreement and Memoranda of Understanding, between Petitioner City of Colfax ("City") and Stationary Engineers Local 39 Health and Welfare Trust Fund ("Trust Fund").  The City's motion to vacate or modify the Arbitrator's October 18, 2011 Award must be denied for two reasons.

First, the City, which filed its motion pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq., failed to comply with the statutory requirement that "[n]otice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered."  9 U.S.C § 12.  The award was filed and delivered over three months ago and, as of the date of this filing, a notice of motion has not been

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

served on the Trust Fund or its attorneys.  The City's failure to comply with the statutory requirement prevents this Court from granting its motion.

Second, the City's arguments that the award should be vacated or modified are frivolous and merely repeat arguments that were submitted to the arbitrator and rejected in a well-reasoned decision.  The City's claim that the arbitrator manifestly disregarded law and issued a decision and award that did not draw its essence from the parties' agreement is based on a misguided notion that the arbitrator had no right to consider, much less interpret, the November 1, 2000 "Subscriber Agreement" that created the City's obligation to make payments on behalf of non-union employees and which the City made use of for 10 years to provide health and welfare benefits to employees not covered by the City's Memoranda of Understanding with International Union of Operating Engineers, Stationary Engineers, Local 39 ("Union").  Said Memoranda of Understanding created the City's obligations to make payments on behalf of Union employees. The arbitrator's decision rested on a reasonable interpretation of the City's obligations under the Subscriber Agreement.  The City's moving papers fall far short of demonstrating that the arbitrator's decision was unreasonable, much less displayed a manifest disregard of the law, and, even if the City had served a timely notice of motions, its petition to vacate or modify could not be granted on its merits.

As a result, the Trust Fund's cross-motion to confirm the arbitration award must be granted.  The time for the City to file and serve a motion to vacate has passed.   The City cannot oppose on any grounds that could have, but were not, presented in a timely motion to vacate. Accordingly, even if the Court were to deem the City's motion to vacate or modify timely, the City's only basis to oppose the motion to confirm would be its erroneous contention of manifest disregard of the law.

### III.   ISSUES TO BE DECIDED

1.  Whether the City's motion to vacate or modify the Arbitrator's award shall be denied because of the City's failure to serve a notice of its motion on the Trust Fund or its attorneys within three months of the filing or deliver of the award as required by 9 U.S.C. § 12;

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

2

NOTICE OF MOTION AND CROSS-MOTION TO CONFIRM ARBITRATION AWARD AND MPA IN SUPPORT OF CROSS-MOTION AND IN OPPOSITION TO MOTION TO VACATE OR MODIFY AWARD (CASE NO. C 12-00281 MMC)

2.   Whether the City's motion to vacate or modify the Arbitrator's award shall be denied because the City has failed to demonstrate that the arbitrator manifestly disregarded the law or that the decision failed to draw its essence from the relevant agreements;

3.   Whether the Trust Fund's cross-motion to confirm the award shall be granted because the City has presented no timely valid argument in support of its vacation or modification.

## IV.   STATEMENT OF THE FACTS

### A.   STATEMENT OF PROCEDURE

The Statement of Procedure set forth in the Decision and Award of Arbitrator Robert M. Hirsch ("Arbitration Award") provides relevant background to this action, and provides in relevant part:

> The City of Colfax ("Colfax" or "Employer") has been a party to multiple Memos of Understanding ("MOU") with the Stationary Engineers Local 39 ("Union" or "Local 39") binding the Employer to the Stationary Engineers Local Union 39 Welfare Fund Trust Agreement ("Trust Agreement"). Colfax also executed a Subscriber Agreement ("Subscriber Agreement") binding it to the Trust Agreement. Pursuant to the Trust Agreement and the Employer Delinquency Procedures ("Delinquency Procedures") adopted by the Board of Trustees, the Stationary Engineers Local Union 39 Trust Fund ("Trust Fund") performed two audits of the books and records of the Employer to determine if all contributions to the Trust Fund had been made for employees who were entitled to receive health benefits through the Trust Fund's health plan.

> The Trust Fund demanded payment of sums revealed by the audits as well as additional amounts deemed to be reporting shortages (improper payments as termed by the Trust Fund). The Employer acknowledged that sums claimed for the time period before July 1, 2008 were not in dispute, but challenged the Trust Fund's right to collect moneys allegedly due after that date.

> In accordance with Delinquency Procedures, the Trust Fund initiated expedited arbitration. The parties agreed that the matter was properly before this Arbitrator. (emphasis added)

See Declaration of Linda Baldwin Jones ("Jones Decl."), Exhibit A ("Arb. Award"), filed concurrently herewith.[1]

---

[1]   A copy of the Award was attached as Exhibit R to the Declaration of Joan Pugh Newman. However, the Award attached to Ms. Newman's declaration is missing a page. Accordingly, a full copy of the Award is attached to the Declaration of Linda Baldwin Jones.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

NOTICE OF MOTION AND CROSS-MOTION TO CONFIRM ARBITRATION AWARD AND MPA IN SUPPORT OF CROSS-MOTION AND IN OPPOSITION TO MOTION TO VACATE OR MODIFY AWARD (CASE NO. C 12-00281 MMC)

### B.     FACTUAL BACKGROUND

The factual background in this case is set forth in the Arbitration Award. In this case, the Union and the City are parties to a series of collectively bargained agreements, including several Memoranda of Understanding ("MOU") and a Subscriber Agreement.  See Arb. Award at 1,  At issue in this case are the June 30, 2006 to July 1, 2007 MOU ("2006 to 2007 MOU") and the July 1, 2008 to June 30, 2012 MOU ("2008 to 2012 MOU").[2]  Both MOUs require the City to remit contributions to the Trust Fund, which in turn provides health and welfare benefits City employees and their dependents. The MOUs bound the City to the Trust Agreement and amendment thereto (hereinafter "Trust Agreement") establishing the Trust Fund as well as all rules and regulations adopted by the Trust Fund's Board of Trustees.

In addition to the MOUs, the Union and the City were also parties to the Subscriber Agreement, which they executed in 2000.  Arb. Award at 5.   The Subscriber Agreement allowed the City to enroll employees who were not represented by the Union into the Trust Fund's health plan. *Id.*  The Subscriber Agreement bound the City to the Trust Agreement establishing the Trust Fund as well as all rules and regulations adopted by the Trust Fund's Board of Trustees. *Id.* Pursuant to its own terms, the Subscriber Agreement could be terminated by the parties at any time by giving at least 30 days advance written notice to the other party of such termination. *See*

Pursuant to the Trust Fund's audit program, the Trust Fund's auditors, Lindquist LLP, conducted payroll compliance testing (hereinafter referred to as "audit") of the City's books and records to determine if the City had properly reported all contributions to the Trust Fund.  Arb. Award at 5.  The audit covered two time periods, October 1, 2002 through November 30, 2006 and December 1, 2006 through May 31, 2010.  The audit revealed that the City owed $57,460.60 in delinquent contributions, interest and liquidated damages through June 30, 2008 and $82,716.20 in delinquent contributions, improper payments, interest, and liquidated damages for the period July 1, 2008 through May 31, 2010.  *Id.*

---

[2]    The 2006 to 2007 MOU and the 2008 to 2012 MOU are attached as Exhibits B and C to the Declaration of Joan Pugh Newman [Document No. 5].

NOTICE OF MOTION AND CROSS-MOTION TO CONFIRM ARBITRATION AWARD AND MPA IN SUPPORT OF CROSS-MOTION AND IN OPPOSITION TO MOTION TO VACATE OR MODIFY AWARD (CASE NO. C 12-00281 MMC)

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

1      The City conceded that the Trust Fund's calculations were correct, but objected to

2   payment of amounts found due for the period after June 30, 2008.  Arb. Award at 5-6.  The City

3   argued that the 2008 to 2010 MOU superseded the Subscriber Agreement, and the City was

4   therefore not obligated to remit contributions on behalf of employees not represented by the

5   Union.[3] *Id.* at 6-7.  The City, however, continued to contribute to the Trust Fund for two

6   employees not represented by the Union until the Subscriber Agreement was terminated by its

7   terms by the Union via a letter in March 2010 with the termination effective April 30, 2010.  *Id.*

8   at 6.  Because the City refused to pay the amounts found due in the audit, the Trust Fund initiated

9   expedited arbitration under the Trust Agreement and the Delinquency Procedures, to which the

10  City through its collectively bargained agreements—both the MOUs and the Subscriber

11  Agreement—agreed to be bound.

12      The arbitration hearing took place on October 14, 2011 before Arbitrator Hirsch.  The

13  parties agreed that the matter was properly before the Arbitrator.  Arb. Award at 3.  Each party

14  was represented by counsel and was allowed to present its evidence and testimony through

15  witnesses.  *Id.*  Additionally, the parties agreed to the statement of issue, which in short was

16  whether the City owed any amounts to the Trust Fund and if so, what amount was due and owing

17  to the Trust Fund.  *See id.*  At the hearing, the City reiterated its argument that the 2008 to 2012

18  MOU superseded the Subscriber Agreement, and therefore, the City was not required to make

19  payments for City employees not represented by the Union.  In support of its argument, the City

20  cited *GCIU Employer Retirement Fund v. Chicago Tribune Company*, 66 F.3d 862 (7th Cir.

21  1995) and presented the testimony of the current City Manager, Bruce Kranz.  *Id.* at 7.  The Trust

22  Fund argued that the Subscriber Agreement controlled the City's contribution obligations for non-

23  represented employees and the 2008 to 2012 MOU only made clear that only employees

24  represented by the Union could receive health benefits in accordance with the MOU.  *Id.*

25

26  _____
    [3]   Although the City seeks to vacate and/or modify the Arbitration Award, it conceded liability
27  for a substantial portion of the amounts uncovered in the audit for the period prior to July 1,
    2008, and awarded by the Arbitrator, and does not challenge that portion of the Arbitration
28  Award.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

NOTICE OF MOTION AND CROSS-MOTION TO CONFIRM ARBITRATION AWARD AND MPA IN
SUPPORT OF CROSS-MOTION AND IN OPPOSITION TO MOTION TO VACATE OR MODIFY
AWARD (CASE NO. C 12-00281 MMC)

The Arbitrator considered the evidence, testimony and arguments presented by both parties and issued his decision on October 18, 2011.  The Award was sent electronically to the parties' counsel on October 19, 2011.  The Arbitrator ruled in favor of the Trust Fund and awarded the Trust Fund the following amounts:  $57,460.60 through June 30, 2008; $82,716.20 for the period July 1, 2008 through May 31, 2010; plus attorneys' fees and costs of $9,483.58.  See Arbitration Award at 8.  In ruling for the Trust Funds, the Arbitrator rejected the City's argument and stated in relevant part:

> The trouble with the Employer's argument is that it ignores the intent of the parties in adopting the Subscriber Agreement in 2000 and ignores Colfax's compliance with that agreement by covering its non-represented employees in the Trust Fund plan.  The Subscriber Agreement was negotiated as a free-standing contract to allow the city of Colfax the privilege of providing non-represented employees with health benefits.  That agreement has its own termination provision….This arrangement was maintained for ten years by the parties.

Arb. Award at 7.

Additionally, the Arbitrator held that

> Nothing in labor agreement suggests it was intended to override the Subscriber Agreement, particularly when the city of Colfax continued to provide health benefits to at least two key city employees who were not represented by the Union.  It would be particularly unfair to retroactively abrogate the Subscriber Agreement when city employees who were not represented by the Union enjoyed health coverage for the two years Colfax now wants to exclude.

Id.  Additionally, the Arbitrator held that the case cited by the City was not on point.  Id. at 7-8.

## V.    MEMORANDUM OF POINTS AND AUTHORITIES

### A.    THE CITY'S MOTION MUST BE DENIED BECAUSE THE CITY DID NOT SERVE A TIMELY NOTICE OF MOTION

The City brings its motion to vacate or modify under the Federal Arbitration Act ("FAA").  See Pet. at ¶ 24.  However, the City has failed to comply with the statutory deadline for serving a notice of motion to vacate or modify the award.  Under section 12 of the FAA, notice of a motion to vacate, modify or correct an arbitration award must be served (*not just filed*) within three

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

NOTICE OF MOTION AND CROSS-MOTION TO CONFIRM ARBITRATION AWARD AND MPA IN SUPPORT OF CROSS-MOTION AND IN OPPOSITION TO MOTION TO VACATE OR MODIFY AWARD (CASE NO. C 12-00281 MMC)

months after the award is filed or delivered.  9 U.S.C. § 12; see *White v. Mayflower Transit, LLC*, 481 F.Supp.2d 1101, 1104-05 (C.D. Cal. 2007) (enforcing rule).

For purposes of 9 U.S.C. § 12's 3-month limit, the arbitration award is "delivered" only when received. According to the Petition, the Decision and Award were sent by electronic mail to the attorney for Petitioner City on October 19, 2011.  See Pet. at ¶ 23.  Hence, a notice of motion needed to be filed and served by January 19, 2012 at the latest.

The requirements of a notice of motion are set forth in the Federal Rules of Civil Procedure ("FRCP") and the Local Rules of the United Stated District Court for the Northern District of California ("Local Rules").  Generally, a notice of motion must be in writing, and must set forth:  When and where the motion will be made (date, time and court location); the nature of the order or relief being sought; and the signature of at least one attorney of record.  See Fed. R. Civ. Proc. 7(b) and Civil L.R. 7-1 and 7-2.

Pursuant to Local Rule 7-1, a motion may be presented to the court in one of the following ways:

(1)  A duly noticed motion pursuant to Local Rule 7-2;

(2)  A motion to enlarge or shorten time pursuant to Local Rule 6-1;

(3)  An authorized ex parte motion pursuant to Local Rule 7-10;

(4)  When applicable, a motion for administrative relief pursuant to Local Rule 7-11; or

(5)  Stipulation of the affected parties pursuant to Local Rule 7-12.

(6)  Motions regarding Orders or Recommendations of a Magistrate Judge pursuant to Local Rule 72-2 or 72-3.

See Civil L.R. 7-1(a). The only section applicable to the City's Motion was Local Rule 7-1(a)(1)—a duly noticed motion pursuant to Local Rule 7-2— as all other sections are clearly inapplicable.

Here, the City failed to properly notice and serve its Motion pursuant to Local Rule 7-2. Local Rule 7-2(b) sets forth the requirements for a motion and provides that a motion *must* contain the following:

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

7
NOTICE OF MOTION AND CROSS-MOTION TO CONFIRM ARBITRATION AWARD AND MPA IN SUPPORT OF CROSS-MOTION AND IN OPPOSITION TO MOTION TO VACATE OR MODIFY AWARD (CASE NO. C 12-00281 MMC)

(1) On the first page in the space opposite the caption and below the case number, the noticed hearing date and time;

(2) In the first paragraph, notice of the motion including the date and time of the hearing;

(3) In the second paragraph, a concise statement of what relief sought or Court action the movant seeks; and

(4) In the succeeding paragraphs, the points and authorities in support of the motion – in compliance with Civil L.R. 7-4(a).

See Civil L.R. 7-2(b) (emphasis added).

The City's Motion fails to comply with the first two requirements of Local Rule 7-2(b) as the Motion served on January 13, 2012 is utterly devoid of any reference to the date and time of a hearing, or even which judge would be hearing the motion. To the date of this filing, a compliant notice of motion has not yet been filed or served on the Trust Fund. See Jones Decl., ¶ 7.

A party to an arbitration award who fails to comply with the statutory precondition of timely service of notice of motion to vacate or modify an award forfeits the right to judicial review of the award. *Pfannenstiel v. Merrill Lynch, Pierce, Fenner & Smith*, 477 F.3d 1155 (10th Cir. 2007). Here, the City failed to timely serve a notice of motion on the Trust Fund. The "Notice of Petition/Motion" received by Respondent's counsel failed to state the date and/or time for the hearing, failed to identify the judge assigned to the case, and did not contain any evidence it had been filed with the Court. See Jones Decl, Exh. B. Since the notice of motion plays the role of a summons under the FAA, these defects are material. Having failed to comply with the motion requirements set forth in the Federal Rules of Civil Procedure and Local Rules, the City has forfeited its right to judicial review of the award.

## B.   THE CITY IS NOT ENTITLED TO EQUITABLE TOLLING OF THE STATUTE.

First, the policy in support of the FAA's limited statutory period is exceptionally strong. Courts have strictly enforced the three-month statutory deadline set forth in section 12 of the FAA. See, e.g., *Olson v. Wexford Clearing Services Corp.*, 397 F.3d 488, 490 (7th Cir. 2005) ("[Section] 12 does not provide for any exceptions to the three-month window and says nothing

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

8

NOTICE OF MOTION AND CROSS-MOTION TO CONFIRM ARBITRATION AWARD AND MPA IN
SUPPORT OF CROSS-MOTION AND IN OPPOSITION TO MOTION TO VACATE OR MODIFY
AWARD (CASE NO. C 12-00281 MMC)

about tolling.").  In *Romero v. Citibank*, 551 F.Supp.2d 1010 (E.D. Cal. 2008), the district court

summarized two important reasons for enforcing the FAA's three-month limitation:

> First, the confirmation of an award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court. [citation omitted] …. In fact, in the majority of cases, the parties to an arbitration do not obtain court confirmation…. Armed with a court order the winning party has a variety of remedies available to enforce the judgment.
>
> Second, parties choose to arbitrate because they want quick and final resolution of their disputes.  The role of arbitration as a mechanism for speedy dispute resolution disfavors delayed challenges to the validity of an award.  [citation omitted]

*Romero*¸ 551 F.Supp.2d at 1014 (quoting *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 175-76 (2nd

Cir. 1984)).

It is of particular importance that a party seeking to vacate an arbitration award promptly

notice the motion as delay would frustrate the purpose of the FAA to provide streamlined

procedures for quickly resolving controversies over arbitration awards.  The FAA requires a party

to bring an action to confirm, vacate or modify an arbitration award in the manner provided by

law for the making and hearing of motions in order "to expedite judicial treatment of matters

pertaining to arbitration."  *World Brilliance Corp. v. Bethlehem Steel Co.*, 342 F.2d 362, 365-366

(2nd Cir. 1965) (interpreting 9 U.S.C. § 6.).  The City availed itself of the FAA's expedited

procedures, serving no summons at all, but only unfiled moving papers, on the Trust Fund's prior

counsel in the arbitration proceedings rather than the Trust Fund itself. See 9 U.S.C. § 12

(permitting service "upon the adverse party or his attorney").  The City cannot pick and choose

which provisions of the FAA to comply with.

Second, there are no circumstances here that would suggest the City is entitled to

additional time to perfect a challenge to the arbitrator's award.  We have found no cases in which

a court has tolled the FAA's three-month deadline. "Normally, a statutory limitations period is

tolled only if, for example, extraordinary circumstances beyond the claimant's control prevented

timely filing, or the claimant was materially misled into missing the deadline."  *Fradella v.*

*Petricca*, 183 F.3d 17, 21 (1st Cir.1999), citing *Alvarez-Machain v. United States*, 107 F.3d 696,

701 (9th Cir. 1996).  Here, the City waited until the last possible day to serve a notice of motion

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

NOTICE OF MOTION AND CROSS-MOTION TO CONFIRM ARBITRATION AWARD AND MPA IN SUPPORT OF CROSS-MOTION AND IN OPPOSITION TO MOTION TO VACATE OR MODIFY AWARD (CASE NO. C 12-00281 MMC)

under section 12 and failed to do so.  To this day, the Trust Fund is uncertain of its obligations in responding to the improperly filed motion.  The Northern District has adopted a rule requiring opposition to a motion to be filed within 14 days of "filing of a motion" and no longer 21 days before the noticed hearing date.  See Civil L.R. 7-3.  Hence, the Trust Fund cannot, without peril, ignore the City's filing until a proper notice of motion is filed and served.  At the same time, the Trust Fund has no idea when it must respond to the City's claims, and the only sure way the Trust Fund can expedite the Court's resolution of the issues presented is to bring its own timely and properly filed and served cross-motion to confirm the arbitrator's award.

## C.   THE ARBITRATOR DID NOT MANIFESTLY DISREGARD FEDERAL LAW

Under 9 U.S.C. § 10, a district court may vacate an arbitration award only in the most limited cases:

(1) where the award was procured by corruption, fraud or undue means;

(2) where there was evident partiality or corruption on the part of the arbitrators;

(3) where the arbitrators were guilty of misbehavior by which the rights of any party have been prejudiced; and

(4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter was not made.

*Romero*, 551 F.Supp. 2d at 1013 n.3 (quoting 9 U.S.C. § 10) (emphasis added).  Under section 11, an arbitral award may be modified or corrected to correct "evident material miscalculation," "evident material mistake," "award[s] upon a matter not submitted," and "imperfect[ions] … not affecting the merits."

The Supreme Court has recently explained that the grounds for vacating or modifying an award under the FAA are limited to those enumerated in sections 10 and 11.  See *Hall Street Associates, L.L.C. v. Mattel, Inc.*, 552 U.S. 576 (2008).  Under Ninth Circuit law, arbitrators "exceed their powers" within the meaning of section 10, "not when they merely interpret or apply the governing law incorrectly, but when the award is 'completely irrational,' *French [v. Merrill Lynch]*, 784 F.2d [902,] 906 [(9th Cir.1986)], or exhibits a 'manifest disregard of law,' *Todd*

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

NOTICE OF MOTION AND CROSS-MOTION TO CONFIRM ARBITRATION AWARD AND MPA IN SUPPORT OF CROSS-MOTION AND IN OPPOSITION TO MOTION TO VACATE OR MODIFY AWARD (CASE NO. C 12-00281 MMC)

1   *Shipyards Corp. v. Cunard Line, Ltd.*, 943 F.2d 1056, 1059-60 (9th Cir.1991)." *Kyocera Corp. v.*

2   *Prudential-Bache T. Services, Inc.*, 341 F.3d 987, 997 (9th Cir. 2003).

3         The review of arbitration awards is, accordingly, "extremely limited." *A.G. Edwards &*

4   *Sons, Inc. v. McCollough*, 967 F.2d 1401, 1403 (9th Cir.1992). "Deference to the arbitrators is

5   the rule." *Rostad & Rostad Corp. v. Inv. Mgmt. & Research, Inc.*, 923 F.2d 694, 697 (9th

6   Cir.1991). "The reviewing court should not concern itself with the 'correctness' of an arbitration

7   award." *Thompson v. Tega-Rand Int'l*, 740 F.2d 762, 763 (9th Cir.1984). An arbitration award

8   cannot be set aside on ground that the court is of the opinion that the arbitrator misinterpreted the

9   law. *Raytheon Co. v. Rheem Mfg. Co.*, 322 F.2d 173 (9th Cir. 1963). "Courts are not authorized to

10  review the arbitrator's decision on the merits despite allegations that the decision rests on factual

11  errors or misinterprets the parties' agreement." *Major League Baseball Players Ass'n v. Garvey*,

12  532 U.S. 504, 509 (2001). If an "'arbitrator is even arguably construing or applying the contract

13  and acting within the scope of his authority,' the fact that 'a court is convinced he committed

14  serious error does not suffice to overturn his decision.'" *E. Associated Coal Corp. v. Mine*

15  *Workers*, 531 U.S. 57, 62 (2000).

16        The threshold question is whether the "parties have agreed to arbitrate the subject in

17  dispute." *Sheet Metal Workers v. v. Arizona Mechanical & Stainless, Inc.*, 863 F.2d 647, 653 (9th

18  Cir.1988). Here, the parties agreed that the matter was properly before the arbitrator, see Award,

19  at 2, so there can be no argument that the arbitrator was not empowered to decide the issues

20  presented at arbitration. Nevertheless, the City challenges the arbitrator's ruling on two grounds

21  that it cannot support.

22          1.    **The Arbitrator did not "manifestly disregard the law".**

23        First, the City argues that the arbitrator "manifestly disregarded the law." The Ninth

24  Circuit has recognized that "manifest disregard of the law" may provide a limited exception

25  "under which a procedurally proper arbitration award may be vacated." *Collins v. D.R. Horton,*

26  *Inc.*, 505 F.3d 874, 879 (9th Cir. 2007). However, this exception does not give disappointed

27  parties license to relitigate legal points lost at arbitration merely because they were incorrectly

28  decided. "[F]ederal courts have repeatedly held, 'manifest disregard of the law' means something

**WEINBERG, ROGER &
ROSENFELD**
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

NOTICE OF MOTION AND CROSS-MOTION TO CONFIRM ARBITRATION AWARD AND MPA IN
SUPPORT OF CROSS-MOTION AND IN OPPOSITION TO MOTION TO VACATE OR MODIFY
AWARD (CASE NO. C 12-00281 MMC)

1   more than just an error in the law or a failure on the part of the arbitrators to understand or apply

2   the law.  It must be clear from the record that the arbitrators recognized the applicable law and

3   then ignored it.  As such, mere allegations of error are insufficient." *Cutler v. Health Net of*

4   *California*, 374 F.3d 830, 838 (9th Cir. 2004) (internal citations, quotation marks, and alterations

5   omitted); see also *Michigan Mut. Ins. Co. v. Unigard Sec. Ins. Co.*, 44 F.2d 826, 832 (9th Cir.

6   1995) (same).

7          The City does not even attempt to meet this standard.  The City does not argue that

8   Arbitrator Hirsch recognized the applicable law and ignored it.  Instead, the City argues that the

9   only agreements the arbitrator had authority to consider were the Trust Agreement and the MOU

10  and that Arbitrator Hirsch committed error in concluding that the City had obligations by virtue of

11  the independent Subscriber Agreement which was not terminated by its terms until 2010.  Of

12  course, the City's argument would conveniently dispose of the City's central problem—the

13  Subscriber Agreement under which it provided coverage to some nonunion employees but not

14  others after 2008.  Arbitrator Hirsch, on the other hand, found that this freestanding agreement

15  signed by the City in 2000 created employer contribution obligations that did not automatically

16  terminate when the MOU was renegotiated in 2010 and subsequently made retroactive to 2008.

17         Given the narrow basis on which a court may "review" an arbitral award, the Trust Fund

18  bears no burden to show that Arbitrator Hirsch's reasoning is correct.  However, it is manifestly

19  clear that the arbitrator based his decision on a reasoned attempt to interpret the three agreements

20  before him:  a trust agreement, an MOU, and a subscriber agreement.  Accordingly, in deciding

21  whether to uphold the auditors' determination of the employer's delinquent contributions with

22  respect to non-represented employees between July 1, 2008, the date at which the new MOU

23  became retroactively effective, and May 31, 2010, when the Union terminated the Subscriber

24  Agreement on its terms, the arbitrator could not simply disregard ab initio one of the agreements

25  to which the City was party.  Indeed, given that the Trust Fund's claim for contributions on behalf

26  of non-represented employees was based on the Subscriber Agreement, the arbitrator had a duty

27  to determine what obligations, if any, the Subscriber Agreement created in the disputed period

28  between July 1, 2008 and May 31, 2010.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

12
NOTICE OF MOTION AND CROSS-MOTION TO CONFIRM ARBITRATION AWARD AND MPA IN
SUPPORT OF CROSS-MOTION AND IN OPPOSITION TO MOTION TO VACATE OR MODIFY
AWARD (CASE NO. C 12-00281 MMC)

Under LMRA Section 302(c)(5), 29 U.S.C. § 186(c)(5), employers can only pay money into trust funds, like the Respondent, if numerous conditions are met, including that there must be a "writing" that establishes the "detailed basis on which such payments are to be made. " This requirement can be met by a collectively bargained agreement, including a subscriber agreement. Unions sometimes offer employers the opportunity to cover their nonunion employees under the plan through a subscriber agreement which binds the employer to make contributions and the trust fund to provide benefits for the employer's nonunion employees. Under the terms of the Subscriber Agreement here, the City of Colfax

> accepted and agreed to the terms and provisions of the Trust Agreement creating the Stationary Engineers Local 39 Health & Welfare Trust, and agree[d] to pay, … the monthly amounts established by the Board of Trustees for the Fund from time to time for each employee performing services for the undersigned [City of Colfax] and to be bound to all the rules and regulations adopted by the Board of Trustees, as currently in effect as may be amended by the Board of Trustees from time to time.

Declaration of Joan Pugh Newman, Exh. J.

The Subscriber Agreement also contained a specific clause stating that it could be terminated by either party upon thirty days' advance written notice. Neither party exercised this option until 2010, when the Subscriber Agreement was terminated on its own terms by a letter from the Union to the City.

The arbitrator found that "[t]he Subscriber Agreement was negotiated as a free-standing contract to allow the city of Colfax the privilege of providing non-represented employees with health benefits." The arbitrator also found:

> Nothing in the MOU suggests it was intended to override the Subscriber Agreement, particularly when the city of Colfax continued to provide health benefits to at least two key city employees who were not represented by the Union. It would be particularly unfair to retroactively abrogate the Subscriber Agreement when city employees who were not represented by the Union enjoyed health coverage for the two years Colfax now wants to exclude.

///

///

**WEINBERG, ROGER & ROSENFELD**
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

13
NOTICE OF MOTION AND CROSS-MOTION TO CONFIRM ARBITRATION AWARD AND MPA IN SUPPORT OF CROSS-MOTION AND IN OPPOSITION TO MOTION TO VACATE OR MODIFY AWARD (CASE NO. C 12-00281 MMC)

There is no sign here that the arbitrator recognized that the applicable law required him to disregard the intent of the parties entering into the Subscriber Agreement and the evidence of the City's conduct after 2008—and then chose simply to ignore it.

### 2.     The Arbitration Decision did not fail to draw its essence from the relevant agreements

In a cursory three-sentence section of its brief, the City makes the additional argument that that the Arbitration Award should be vacated because it fails to draw its essence from the plain terms of the Trust Agreement and MOU.   Here, the City simply rehashes its argument that the Arbitrator committed legal error by considering the legal effect of the Subscriber Agreement.   As such, this argument adds nothing new.   The "draws its essence from the relevant agreement" test flows from the rule that an arbitration award "may be vacated only if it is 'completely irrational' or 'constitutes manifest disregard of the law.'" *Comedy Club, Inc. v. Improv West Associates*, 553 F.3d 1277, 1228 (9th Cir. 2009), quoting *Poweragent, Inc. v. Elec. Data Sys. Corp.*, 358 F.3d 1187, 1193 (9th Cir. 2004).   In *Comedy Club*, the Ninth Circuit adopted the Eighth Circuit's view that "the 'completely irrational' standard is extremely narrow and is satisfied only 'where [the arbitration decision' fails to draw its essence from the agreement." *Comedy Club*, 553 F.3d at 1288, quoting *Hoffman v. Cargill Inc.*, 236 F.3d 458, 461-462 (8th Cir. 2001).   Moreover, "[t]he 'draws its essence from the collective bargaining agreement' test is the most deferential standard of review known in the law.'"   Dau-Schmidt et al., Labor Law in the Contemporary Workplace (West 2009), 722.

To satisfy this test, the City must show that the Arbitrator, in making his decision, ignored the agreements to which the City and the Union were bound, not merely that he misinterpreted them or made errors of fact or law in doing so.   Here, the City argues that the Arbitration Award must be vacated because the Arbitrator failed to draw his decision from the MOU and Trust Agreement only.   Pet. ¶ 24.   Once again, the City fails to recognize that the Subscriber Agreement was a valid contract between the Union and the City.   The Arbitrator reviewed all applicable agreements, not just the ones the City wished him to focus one, and determined that the City had an obligation to contribute on behalf of non-represented employees to the Trust Fund based on the

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

14
NOTICE OF MOTION AND CROSS-MOTION TO CONFIRM ARBITRATION AWARD AND MPA IN SUPPORT OF CROSS-MOTION AND IN OPPOSITION TO MOTION TO VACATE OR MODIFY AWARD (CASE NO. C 12-00281 MMC)

Subscriber Agreement.  The Arbitration Award is not completely irrational as the Arbitrator's

decision draws its essence from the applicable agreements.  Accordingly, the City's Motion to

Vacate on this ground must be rejected as well.

### D. THE MOTION TO VACATE AND/OR MODIFY MUST BE REJECTED IN ITS ENTIRETY AND THE CROSS-MOTION TO CONFIRM THE ARBITRATION AWARD MUST BE GRANTED

"Under § 9, a court 'must' confirm an award 'unless' it is vacated, modified, or corrected

'as prescribed' in §§ 10 and 11." *Hall Street Associates, L.L.C. v. Mattel*, 552 U.S. 576, 586; *see*

*also id*. at 587 ("There is nothing malleable about 'must grant,' which unequivocally tells courts

to grant confirmation in all cases, except when one of the 'prescribed' exceptions applies.")

A party's failure to comply with the three-month rule bars it from raising alleged

invalidity of the award as a defense to confirmation.  *PaineWebber, Inc. v. Barca*, 2000 U.S. Dist.

LEXIS 10873, at *5, citing *Cullen v. Paine, Webber, Jackson & Curtis, Inc.*, 863 F.2d 851 (11th

Cir. 1989).  Therefore, the City cannot raise arguments in opposition to confirmation that it could

have raised, but did not, in a timely motion to vacate or modify.  For the same reasons the motion

to vacate or modify must be denied, the cross-motion to confirm must be granted.

### E. THE UNION IS ENTITLED TO ATTORNEYS' FEES.

An award of attorney's fees in this case is both necessary and appropriate to compensate

the Trust Fund "for the added expense of having to vindicate clearly established rights in court."

*See Int'l Union of Petroleum and Indus. Workers v. Western Indus. Maintenance, Inc.*, 707 F.2d

425, 428 (9th Cir. 1983).  The Ninth Circuit has held that "an unjustified refusal to abide by an

arbitrator's award may equate [with] an act taken in bad faith, vexatiously or for oppressive

reasons."  *Id*.  The City of Colfax's conduct is certainly the type of conduct warranting attorneys'

fees, and the Court has the authority to award such fees if it determines that the City of Colfax has

refused to abide with Arbitrator Hirsch's award without justification.  *See Aleyska Pipeline Serv.*

*v. Wilderness Soc'y*, 421 U.S. 240, 258-259 (1975); *USWA v. U.S. Gypsum Co.*, 492 F.2d 713,

724 (5th Cir. 1974). Thus, the Court should award the Trust Fund its attorneys' fees and costs in

defending the City's motion to vacate or modify award of arbitrator, which has not been served in

**WEINBERG, ROGER & ROSENFELD**
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

15
NOTICE OF MOTION AND CROSS-MOTION TO CONFIRM ARBITRATION AWARD AND MPA IN SUPPORT OF CROSS-MOTION AND IN OPPOSITION TO MOTION TO VACATE OR MODIFY AWARD (CASE NO. C 12-00281 MMC)

1    a timely notice of motion and assuming *arguendo* that it was, the Arbitrator did not manifestly

2    disregard federal law.

3                        **VI.**     **CONCLUSION**

4         For all of the reasons set forth herein, the Court must deny the City's motion to vacate or

5    modify the Arbitrators' October 18, 2011 Award and grant the Trust Fund's cross-motion to

6    confirm the Arbitrator's Award.

7

8    Dated: February 1, 2012             WEINBERG, ROGER & ROSENFELD
                                            A Professional Corporation

9

10                                       /s/ Linda Baldwin Jones
                        By:          LINDA BALDWIN JONES

11                                            THEODORE FRANKLIN
                                           EZEKIEL D. CARDER

12                                            Attorneys for Respondent STATIONARY
                                           ENGINEERS LOCAL 39 HEALTH AND

13                                            WELFARE TRUST FUND

14

15    129940/653442

16

17

18

19

20

21

22

23

24

25

26

27

28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

NOTICE OF MOTION AND CROSS-MOTION TO CONFIRM ARBITRATION AWARD AND MPA IN
SUPPORT OF CROSS-MOTION AND IN OPPOSITION TO MOTION TO VACATE OR MODIFY
AWARD (CASE NO. C 12-00281 MMC)